```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

MILTON GENE WILLIE,             §
TDCJ-CID NO. 163778,            §
        Plaintiff,              §
v.                              §   CIVIL ACTION NO. H-14-1300
                                §
STAFFORD POLICE DEPT.,          §
                                §
        Defendant.              §
```

## MEMORANDUM AND ORDER ON DISMISSAL

Plaintiff, Milton Gene Willie, filed a *pro se* civil rights complaint while confined at the Fort Bend County Jail alleging illegal arrest and conviction. (Docket No. 1.) Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Docket No. 8.) Plaintiff's complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons to follow, the Court will dismiss the complaint without prejudice and vacate the fee collection order in this case.

### I. CLAIMS

Plaintiff's complaint was prepared using the standard civil rights complaint form available to prisoners and identifies the Stafford Police Department as the only named defendant. (Docket No. 1 at 3.) The complaint vaguely alleges that Plaintiff was wrongly arrested in 2010 and later convicted of theft and forgery. Plaintiff states that he was not involved with these crimes but was persuaded by his lawyer to plead guilty. (Id. at 3-4.) Publicly available court records show that Plaintiff was convicted in March

2011 of theft and forgery and was sentenced to three years probation. Fort Bend County Clerk website.[1] On January 16, 2015, Plaintiff's probation was revoked and he was committed to two years imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). Plaintiff does not clearly state what relief he seeks in this case, but merely asks the Court to "look in to [it] for me an[d] do me right in this case." (Docket No. 1 at 4.)

## II. DISCUSSION

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the district court may scrutinize the basis of his complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319,

---

[1] http://tylerpaw.co.fort-bend.tx.us/CaseDetail.aspx?CaseID=934790 (viewed January 26, 2015).

325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the factual allegations. Id. at 555 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level).

## A. Statute of Limitations

Because the Civil Rights Act does not provide a statute of limitations for claims brought under its provisions, courts borrow the statute of limitations from the law of the forum state. Wallace v. Kato, 549 U.S. 384, 387 (2007); Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989). Texas has a two-year limitations period for personal injury actions. Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is

the basis of the action." Slack v. Carpenter, 7 F.3d 418, 419 (5th Cir. 1993).

Plaintiff executed his present civil rights complaint on May 8, 2014, and filed it on May 12, 2014. (Docket No. 1 at 5.) Plaintiff's claims all stem from events that occurred in 2010 and 2011, more than three years before the complaint was filed. Court records also show that Plaintiff filed a nearly identical complaint in this Court on January 28, 2011, which was dismissed, without prejudice, on March 28, 2011, for failure to prosecute. Willie v. Stafford Police Department, Cause No. 4:11-cv-0405 (S.D. Tex.-Houston). This clearly shows that Plaintiff was well aware of the facts underlying his present claims long before the statute of limitations expired. Plaintiff's failure to timely pursue his claims shows a lack of due diligence and Plaintiff has not offered any explanation for this failure. Accordingly, Plaintiff's complaint is subject to dismissal as time-barred.

## B. *Heck* Bar

Plaintiff's claims are also barred under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. Id.; Kutzner v. Montgomery County, 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages arising from

allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. Id.

The claims alleged in Plaintiff's complaint are inextricably linked to the legality of his conviction and present confinement. Although Plaintiff does not clearly state the relief he seeks, the essence of his complaint is that he was wrongly convicted. Thus, it is apparent that a favorable judgment for Plaintiff in this civil rights suit would necessarily imply the invalidity of his conviction and sentence. Because Plaintiff has not shown that his conviction has already been overturned or invalidated through proper channels, his present civil rights claims are barred by Heck.

### C. Habeas Corpus

Although Plaintiff filed this case as a civil rights suit under 42 U.S.C. § 1983, his complaint could also be liberally construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. However, under 28 U.S.C. § 2254 a petitioner challenging his conviction or confinement pursuant to the judgment of a state court "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). Thus, before seeking habeas relief in this Court, Plaintiff must first file a petition in state court for

a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 11.07 § 3(c); *see also* Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Because state court records show that Plaintiff has not yet exhausted available state habeas corpus remedies, it appears the present complaint would be barred for want of exhaustion if treated as an application for writ of habeas corpus; therefore, the Court declines to treat it as such. Texas Courts website.[2] However, because this case could have been filed as a petition for a writ of habeas corpus, rather than a civil rights complaint, and based on Plaintiff's *pro se* status, the Court will vacate the fee collection order previously entered in this case. Moreover, the dismissal of this case will not constitute a strike under the three-strikes provision found in 28 U.S.C. § 1915(g).

---

[2] http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (viewed January 26, 2015).

## III. CONCLUSION

Based on the foregoing, the Court ORDERS that:

1. Plaintiff's complaint is DISMISSED, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Order Regarding Motion to Proceed *In Forma Pauperis* entered on September 2, 2014 (Docket No. 8), is VACATED and Plaintiff shall not be required to pay the $350 civil rights filing fee in this case.

3. The Inmate Trust Fund Administrator at the Fort Bend County Jail is instructed not to withhold or forward to this Court any funds from Plaintiff's inmate trust fund account in connection with this case.

4. This case shall not be counted as a strike pursuant to 28 U.S.C. § 1915(g).

5. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to Plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the Inmate Trust Fund Administrator, Fort Bend County Jail and Sheriff's Department, 1404 Ransom Rd., Richmond, Texas 77469.

SIGNED at Houston, Texas, on January 30, 2015.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE